# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | |
|---|---|
| **DEWAYNE ANTONIO PARRIS**, | ) |
| | ) |
| Petitioner, | ) Case No. 7:06CV00607 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **UNITED STATES OF AMERICA,** | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Respondent. | ) |

*Dewayne Antonio Parris, Petitioner Pro Se; Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for Respondent.*

Dewayne Antonio Parris, a federal inmate, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West 2006). He challenges the validity of his confinement pursuant to the judgment of this court sentencing him to 180 months imprisonment, following his conviction of conspiracy to possess with intent to distribute more than fifty grams of cocaine base and related firearms charges. The government has filed a Motion to Dismiss, arguing that petitioner is not entitled to relief under § 2255. Parris has responded, making the matter ripe for disposition. Upon review of the record, I find that the Motion to Dismiss must be granted.

I

The grand jury returned a twenty-nine count indictment against Parris and fifteen co-defendants on February 14, 2002. The indictment charged Parris with conspiracy to possess with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C.A. §§ 841(a) and 846 (West 1999) (Count Two); possession with intent to distribute more than fifty grams of cocaine base, in violation of 21 U.S.C.A. § 841(a) (Count Three); use or carrying of a firearm during and in relation to, or possession of a firearm in furtherance of, in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. §§ 2 (West 2000) and 924(c) (West Supp. 2007) (Count Four); and possession of a firearm by an unlawful user of a controlled substance, in violation of 18 U.S.C.A. § 922(g) (West Supp. 2007) (Count Five). Parris pleaded not guilty and proceeded to a jury trial. The jury returned a verdict of guilty on Counts Two, Four, and Five, but acquitted Parris of Count Three. I conducted a sentencing hearing on July 16, 2003, and sentenced Parris to 120 months imprisonment on Counts Two and Five, to run concurrently with each other, and to 60 months imprisonment on Count Four, to run consecutively. I rejected the government's argument that the sentence on Count Four should be 84 months, because there was no evidence supported a finding that Parris or his codefendant "brandished" the weapon during the offense.

Parris appealed. The United States Court of Appeals for the Fourth Circuit affirmed on October 1, 2004,[1] and the Supreme Court denied Parris's Petition for a Writ of Certiorari on October 3, 2005. *United States v. Parris*, 111 F. App'x 158 (4th Cir. 2004), *cert. denied*, 546 U.S. 915 (2005).

Parris filed his § 2255 motion on October 3, 2006, alleging the following grounds for relief:[2]

    A.    Counsel provided ineffective assistance by

        1.    failing to argue on appeal that petitioner's conviction on Count Four, based on *Pinkerton v. United States*[3] liability, violated his due process right because it was not reasonably

---

[1] The Fourth Circuit addressed two issues on appeal: (1) whether the district court erred in denying Parris's Motion for Judgment of Acquittal on Count Four on the ground of insufficient evidence; and (2) whether the district court erred in denying Parris's Motion for Judgment of Acquittal on Count Five on the ground of insufficient evidence that he was an unlawful drug user. The court found the evidence to be sufficient to support both of these convictions.

[2] In his original § 2255 motion, Parris also stated that "appellate counsel was well aware of the Supreme Court's decision explicating the Sixth Amendment jury trial notice and guarantee, and counsel failed to properly and timely argue the issue on direct appeal." (Pet'r's § 2255 Motion at 6.) In his response to the Motion to Dismiss, however, Parris did not include this allegation in his list of claims. In any event, the claim has no merit. Parris is apparently attempting to argue that he is entitled to resentencing under *United States v. Booker*, 543 U.S. 220, 248-58 (2005). The *Booker* opinion found that federal criminal defendants could not be sentenced under mandatory guidelines that required the judge to find sentencing facts by a preponderance of the evidence, and as such, that the federal sentencing guidelines were constitutional only if they were advisory rather than mandatory. Parris has no *Booker* claim, however, because his sentences were fully based on facts recited in the indictment and found beyond a reasonable doubt by the jury.

[3] 328 U.S. 640 (1946).

> foreseeable to the defendant that his codefendants would carry a firearm during and in relation to the drug trafficking offense;[4]
>
> 2. failing to argue on appeal that petitioner's conviction under a vicarious liability theory for a coconspirator's violation of § 924(c) violated his due process rights;
>
> 3. failing to object to, and then appeal, the district court's determination that it was bound to impose a mandatory minimum sentence of ten years imprisonment on Count Two despite the fact that petitioner's sentencing guideline range was 78-97 months imprisonment; and
>
> B. The district court erred when it failed to depart below the statutory mandatory minimum sentence on Count Two.

Petitioner also argues that his conviction should be reversed because he is actually innocent of using or carrying a firearm during and in relation to a drug trafficking offense.

II

Parris waived his right to bring any claim under § 2255 that he could have raised, but failed to raise, on direct appeal. *See United States v. Mikalajunas*, 186 F.3d 490, 492-93 (4th Cir. 1999). Parris could have raised Claim B on direct appeal

---

[4] Parris sometimes mislabels the counts of the indictment in his pleadings, but he clearly seeks to challenge counsel's arguments regarding the § 924(c) charge, which is Count Four.

- 4 -

and admits that he failed to do so. Therefore, Claim B is barred from federal relief under § 2255 unless Parris proves cause for his default of the claim on appeal and resulting prejudice or actual innocence. *Id.* Because Parris has not met this burden, I will grant the Motion to Dismiss as to Claim B. I will address separately his ineffective assistance claim on this issue.

The procedural bar rule in *Mikalajunas* does not apply to ineffective assistance of counsel claims, as they need not be raised, and normally cannot be addressed, on direct appeal. *Massaro v. United States*, 538 U.S. 500, 504 (2003). To prove that counsel's assistance at trial, at sentencing, or on appeal, was so defective as to require reversal of his conviction or sentence, petitioner must meet a two-prong standard, showing that counsel's defective performance resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, petitioner must show that "counsel's representation fell below an objective standard of reasonableness," considering circumstances as they existed at the time of the representation. *Id.* at 687-88. Petitioner must overcome a strong presumption that counsel's performance was within the range of competence demanded from attorneys defending criminal cases. *Id.* at 689. Second, to show prejudice, petitioner must demonstrate a "reasonable probability" that but for counsel's errors, the result reached by a reasonable and impartial fact finder would have been different. *Id.* at 694-95. If it is clear that

- 5 -

Case 7:06-cv-00607-JPJ-mfu   Document 8   Filed 08/05/07   Page 5 of 10   Pageid#: 55

petitioner has not satisfied one prong of the *Strickland* test, the court need not inquire whether he has satisfied the other prong. *Id.* at 697. The court should conduct an evidentiary hearing in a § 2255 case only when the existing record, including the affidavits and other submissions, contains material factual disputes. *Fontaine v. United States*, 411 U.S. 213, 215 (1973).

Counsel has no constitutional duty to raise on appeal every nonfrivolous issue requested by defendant, but rather, may use his professional judgment to select from among the issues in order to maximize the likelihood of success on appeal. *Jones v. Barnes*, 463 U.S. 745, 751 (1983). To prove ineffective assistance on appeal, a habeas petitioner must demonstrate that counsel acted unreasonably in omitting a nonfrivolous issue on appeal that was clearly stronger than the issues counsel did present and show a reasonable probability that, but for his counsel's unreasonable omission, the outcome on appeal would have been different. *Smith v. Robbins*, 528 U.S. 259, 263 (2000).

Parris does not explain why the *Pinkerton* argument or the vicarious liability argument that he now espouses were clearly stronger than the sufficiency arguments counsel raised on appeal. *Pinkerton* holds that so long as a conspiracy in crime continues, the conspirators "act for each other in carrying it forward" and may be convicted for reasonably foreseeable acts committed by a co-conspirator in

- 6 -

Case 7:06-cv-00607-JPJ-mfu   Document 8   Filed 08/05/07   Page 6 of 10   Pageid#: 56

furtherance of the conspiracy. 328 U.S. at 646-47. Vicarious liability refers to the sort of indirect legal responsibility that an employer might have for the acts of an employee. *See, e.g., Howard v. Winter*, 446 F.3d 559, 565 (4th Cir. 2006) (finding that "in a case of harassment by a supervisor 'with immediate (or successively higher) authority over the employee,' an employer is *vicariously liable* for the harassment, subject to limited affirmative defenses") (emphasis added).

I find no reasonable argument that Parris was convicted under *Pinkerton* or vicarious liability. In Count Four, the indictment charged that between December 1997 and the date of the indictment, Parris and others, "as principals and aidors [sic] and abettors, knowingly used and carried during and in relation to, and possessed [a firearm] in furtherance" a drug trafficking offense. In support of this charge, the government presented testimony that Parris routinely kept a .45 caliber pistol under the seat of his vehicle, which he drove during numerous drug transactions. (Trial Tr. 111-12.) Codefendant Christopher Hairston testified that he rode in Parris's vehicle on the night that a group of conspirators went to the home of codefendant Latten to recover some cocaine that had been stolen, and before going, Hairston grabbed Parris's firearm to take with him on the raid. (Trial Tr. 124-26.) Thus, Parris was convicted of violating § 924(c) based on evidence that he himself possessed a firearm in furtherance of drug trafficking activity and/or carried a firearm during and in

relation to a drug trafficking offense. *See United States v. Lomax*, 293 F.3d 701, 703, 705 (4th Cir. 2002) (finding that under § 924(c), possession of firearm "in furtherance of" means possession that "furthered, advanced, or helped forward" a drug trafficking offense); Because Parris's § 924(c) conviction did not depend on any theory of vicarious liability or conspirator liability under *Pinkerton*, counsel was not ineffective for failing to raise these arguments. Therefore, I will grant the Motion to Dismiss as to Claims A1 and A2.[5]

In Claim A3, Parris asserts that counsel should have objected when the court sentenced him above the sentencing guidelines range of 78-97 months imprisonment, based on his Offense Level of 28 and his Criminal History Category of I. This claim has no merit.

Where the statute of conviction calls for a mandatory minimum sentence that is greater than the maximum sentence under the defendant's guideline range, the district court must apply the mandatory statutory sentence except in limited circumstances not present in the Parris case.[6] *See United States v. Crittendon*, 883

---

[5] As it is clear that Parris did possess and use a firearm in furtherance of the drug conspiracy, his actual innocence argument also fails. In any event, actual innocence can be a separate ground for habeas relief only in extraordinary circumstances not present here. *See Herrera v. Collins*, 506 U.S. 390, 417 (1993).

[6] The court may depart below a statutory mandatory minimum sentence when the government makes a motion for reduction of sentence based on the defendant's substantial assistance to law enforcement authorities. 18 U.S.C.A. § 3553(e) (West Supp. 2007). The

- 8 -

F.2d 326, 331 (4th Cir. 1989) (finding that lower courts had no discretion not to impose statutory mandatory minimum sentence). Parris was convicted under an indictment charging him with conspiring to distribute more than fifty grams of cocaine base (Count Two), and that finding by the jury qualifies him under for a mandatory minimum sentence of ten years imprisonment. *See* 21 U.S.C.A. § 841(b)(1)(A)(iii) (West 1999). His conviction for possession of a firearm in furtherance of a drug trafficking offense also qualifies him for the statutory mandatory minimum sentence of five years imprisonment, consecutive to any other sentences, pursuant to § 924(c). As Parris clearly qualified for the statutory mandatory minimums on Counts Two and Four, I cannot find that counsel was ineffective for failing to object to, and appeal, those sentences as improper. I will thus grant the Motion to Dismiss as to Claim A3.

III

For these reasons, there is no ground upon which Parris is entitled to relief under § 2255. Accordingly, I will grant the Motion to Dismiss.

A separate Final Order will be entered herewith.

---

government made no such motion in this case. Because Parris possessed a firearm in connection with his offense, he also did not qualify for the so-called "safety valve" exception under 18 U.S.C.A. § 3553(f) (West 2000).

ENTER: August 5, 2007

/s/ JAMES P. JONES
Chief United States District Judge